IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00716-EWN-MEH

MORELAND PROPERTIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

CITY OF THORNTON, a municipal corporation,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO QUASH**
_____

Before the Court is Defendant's Motion to Quash Portions of the Subpoena Duces Tecum to Susan Connors ("Motion") [doc #37], in which Defendant seeks protection from producing certain documents based upon the deliberative process and attorney-client privileges. The matter is briefed and has been referred to this Court for disposition [doc #38]. Oral argument would not materially assist the Court in adjudicating this motion. As set forth below, the Court **grants** the Motion to Quash.

## BACKGROUND

Plaintiff Moreland Properties LLC owns property at the southeast corner of I-25 and 144th Avenue in Thornton, Colorado. Plaintiff claims that the Defendant City of Thornton enacted Overlay Zone Ordinance #2944 without proper notice to the Plaintiff pursuant to Thornton's Municipal Code, and that the Ordinance unlawfully eliminates certain permitted uses of its Thornton property by right. Defendant denies Plaintiff's claims, and asserts that its actions were taken for legitimate and valid reasons.

On July 5 and July 24, 2007, Defendant propounded first a privilege log, then an amended

privilege log, containing the following documents and asserted privileges:

- Draft copies of 8/23/05 City Council Communication with hand written notes and draft resolutions. Deliberative Process Privilege and Attorney-Client Privilege.
- Draft Ordinance Amending Regional Commercial District, with Council Communication, prepared by Susan Connors (Planning Director). Deliberative Process Privilege.
- Typewritten notes prepared by Susan Connors regarding the Overlay Zone for the North Washington Subarea. Deliberative Process Privilege.

[Motion, Exh. A.] Subsequently, Plaintiff requested a deposition of Susan Connors for which Plaintiff issued a subpoena duces tecum on August 7, 2007 containing the following requests of the very documents listed in the amended privilege order:

Request No. 4: Produce the entire file regarding Ordinance No. 2944, the need for Ordinance No. 2944, and the reasons supporting that need, including but not limited to each draft of Ordinance No. 2944, emails, memoranda, council communications, notes and communications from staff to other staff, managers directors and/or City Council.

Request No. 7: Produce draft copies of 8/23/05 City Council Communication with hand written notes and draft resolutions.

Request No. 8: Produce draft Ordinance Amending Regional Commercial District, with Council Communication, prepared by Susan Connors, dated 3/7/06.

Request No. 9: Produce typewritten notes prepared by Susan Connors regarding the Overlay Zone for the North Washington Subarea.

[Motion, Exh. B.]

The deposition for Ms. Connors proceeded on August 15, 2007 without the production of the allegedly privileged documents, and on the same day, Defendant timely filed the within Motion requesting that the Court quash the above-listed requests pursuant to the deliberative process and attorney-client privileges. Plaintiff timely responded on August 23, 2007 ("Response"), arguing that disclosure of the documents is proper. Pursuant to D.C. Colo. LCivR 7.1C, the Court determines this matter to be ripe for consideration.

## **DISCUSSION**

### I.     Legal Standard for Deliberative Process Privilege

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which governmental decisions and policies are formulated." *U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Id.*; *see also Casad v. U.S. Dep't of Health & Human Servs.*, 301 F.3d 1247, 1251 (10th Cir. 2002).

For the deliberative process privilege to apply, Defendant must demonstrate that the documents are pre-decisional and deliberative, meaning the documents actually must be related to the process by which policies are formulated. *Ridenour v. Kaiser-Hill Co., L.L.C.*, 397 F.3d 925, 938-39 (10th Cir.), *cert. denied*, 546 U.S. 816 (2005); *see also Federal Trade Comm'n v. Wagner Communications, Inc.,* 742 F.2d 1156, 1161 (10th Cir.1984) (the document[s] must have been generated before the adoption of the agency's policy or decision, and must be deliberative in nature, containing opinions, recommendations or advice about agency policies).

Nevertheless, even if the privilege applies, it is not absolute. "The Court must next determine whether the [Plaintiff's] need for the evidence overrides the government's need to maintain confidentiality of the documents." *Center for Biological Diversity v. Norton*, 336 F. Supp.2d 1155, 1161 (D. N.M. 2004) (internal quotations and citations omitted). The Court is to consider the following factors in making this determination: (1) the relevance of the evidence; (2) the availability

of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplative policies and decisions. *Id.* The court should not override the privilege absent a strong showing by the party seeking to overcome the privilege that the requested information is very important to the proper resolution of its case.[1] *United States v. Hooker Chemicals & Plastics Corp.,* 114 F.R.D. 100, 102 (W.D. N.Y.1987). Evidence of bad faith or misconduct by the government may also constitute a countervailing interest strong enough to overcome the privilege. *Wagner Communications*, 742 F.2d at 1162.

The deliberative process privilege does not apply if the cause of action is directed specifically at the government's subjective motivation. *Ridenour*, 397 F.3d at 939 (citing *In re Subpoena Duces Tecum Served on the Comptroller of the Currency*, 156 F.3d 1279 (D.C. Cir. 1998)). However, to the extent the Plaintiff seeks the Defendant's subjective motivation for a decision, the deliberative process privilege may apply. *Id.*

## II. Scope of the Deliberative Process Privilege

To determine whether the deliberative process privilege applies to the documents requested by the Plaintiff in this matter, the Court must determine whether the Defendant meets its burden of demonstrating that the documents are pre-decisional and deliberative, and if so, whether the Plaintiff meets its burden of showing that its need for the documents overrides Defendant's interested in

---

[1] The Plaintiff's repeated reliance on *City of Boulder v. Avery*, 2002 WL 31954865 (Mar. 18, 2002) for the proposition that "[t]he public has a strong interest in disclosure of the reasons behind some action actually taken" is misplaced and unpersuasive. First, *Avery* is an unpublished decision out of the 20th Judicial District court in Boulder, Colorado; consequently, we need neither to follow nor to consider this opinion for purposes of the within Motion. Second, the court in *Avery* cites the Colorado Supreme Court's opinion in *City of Colorado Springs v. White* for the proposition on which the Plaintiff relies; however, there is no such reference to the proposition in the Supreme Court's opinion.

keeping the documents confidential.

    A.    <u>Defendant's Burden</u>

First, the Court must analyze whether the Defendant has met its burden of demonstrating that the requested documents are both pre-decisional and deliberative. *See, e.g., Ridenour*, 397 F.3d at 938. The essential question is whether the requested documents are "expressly subject to disclosure" as the final opinion "explaining the reasons" for a decision already made or, instead, a pre-decisional memorandum protected from disclosure under the deliberative process privilege. *Casad v. United States Dep't of Health & Human Servs.*, 301 F.3d 1247, 1252 (10th Cir. 2002). "Documents that reflect the mental processes of the government are deliberative, and can be withheld from production. Nonfinal drafts, by their very nature, are typically predecisional and deliberative materials because they reflect a tentative view and are subject to later revision." *Van Aire Skyport Corp. v. Federal Aviation Admin.*, 733 F. Supp. 316, 321 (D. Colo. 1990). Disclosure of editorial judgments - for example, decisions to insert or delete material or to change a draft's focus or emphasis - would stifle the creative thinking and candid exchange of ideas necessary to produce good historical work. *Lacefield v. United States*1993 WL 268392, at *6 (D. Colo. Mar. 10, 1993) (quoting *Dudman Communs. Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1569 (D.C. Cir. 1987)).

    1.    August 23, 2005 City Council Communication and Draft Resolutions

As described by Defendant, these documents were prepared by City staff prior to the final version of the Communication and Resolution that was submitted to the City Council. Obviously, the documents were revised, and likely contained information concerning decisions to insert or delete material in preparation for the final versions. Notably, the final versions have been produced to the Plaintiff. These documents are clearly pre-decisional and deliberative, and are protected from

5

disclosure.

        2.      Draft of Ordinance Amending Regional Commercial District, with Council Communication, prepared by Susan Connors, dated 3/7/06

Defendant asserts that this document reflects Ms. Connors' idea about how one version of a proposed ordinance might possibly read; however, she rejected the idea and it was never submitted to the City Council. Consequently, the document is pre-decisional and deliberative, and is protected from disclosure.

        3.      Susan Connor's Notes regarding the Overlay Zone

Defendant contends that these typewritten notes regarding the Overlay Zone for the North Washington Subarea reflect Ms. Connor's subjective mental impressions of the Overlay Zone rather than of any City policy, and were never provided to anyone, including the City Council. Thus, the document is pre-decisional and deliberative, and is protected from disclosure.

    B.    <u>Plaintiff's Burden</u>

Because Defendant has demonstrated that the privilege applies to the material that Plaintiff seeks, the Court next addresses whether the Plaintiff's need for the requested material overrides the Defendant's interest in keeping the material confidential. As stated above, the Court must consider four factors in determining whether the Plaintiff has met its burden.

        1.      Relevance of the Evidence

Plaintiff asserts that "Moreland's present discovery request focuses on documents that <u>may explain why</u> Thornton's employees demanded that a road be constructed through the Moreland Property, although there were no plans for such a road, and <u>the reasons for Thornton's adoption</u> of the Overlay District [ordinance], prohibiting vehicle display, sales and service, about a month later,

without notice to affected landowners." Response at 3 (emphasis added). The Moreland Property was included in several acres of property designated in 2005 as the North Washington Subarea in the City of Thornton. *Id.* at 2.

As an initial matter, the Defendant has proffered a "legitimate, valid and non-discriminatory" reason for the challenged actions here. Defendant states, and Plaintiff has stipulated, that, after 24 public meetings during an eight-month period regarding future land uses in the North Washington Subarea, the Thornton City Council formally adopted a new plan for the North Washington Subarea, by which the Council approved seven ordinances that collectively changed the zoning of properties (approximately 373 acres) to reflect the land uses described in the North Washington Subarea Plan. *See* Revised Scheduling Order at 7. One of those seven ordinances was Ordinance 2944, which is at issue in this case.

In determining whether the requested evidence is "relevant to the claims or defenses of any party," the court must logically first identify the actual claims or defenses raised in the action. A review of the Amended Complaint and the Revised Scheduling Order reveal that Plaintiff alleges 42 U.S.C. § 1983 violations of "procedural due process" in this matter (i.e. that Defendant failed to give notice to Plaintiff and other landowners of the ordinance before it was adopted), and that the Defendant is liable for such violations in that it developed and implemented a custom or official policy for depriving Plaintiff of its due process rights. *See* Third Amended Complaint at ¶¶ 30-36 and Revised Scheduling Order at ¶¶ 1-3. Consequently, the Court must determine whether Plaintiff has demonstrated that the requested documents are relevant to its procedural due process and *Monell* claims.

Typically, government officials' subjective beliefs or motives are not relevant to an analysis

of a municipal defendant's liability under *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1977). *See Pearson v. Macon-Bibb County Hosp. Auth.*, 952 F.2d 1274, 1282, n.7 (11th Cir. 1992) (citing *Monell*, the court asserted that relevant cases do not endorse an inquiry into scienter). Alternatively, the intent of a government official may be, in some respects, relevant to a procedural due process claim - that is, whether the deprivation is intentional or simply negligent (*see e.g. Daniels v. Williams*, 474 U.S. 327 (1986)) - however, improper motive is typically not relevant to whether the government provides notice and an opportunity to be heard. Here, where the Plaintiff in this matter has already stipulated to the proffered reason(s) given by the Defendant for adoption of the ordinance, the probative value of the requested documents, for purposes of determining "reasons why," certainly diminishes. Therefore, this factor weighs in favor of keeping the requested documents confidential.

    2.   Availability of Other Evidence

Here, the parties state that Plaintiff has taken, and will continue to take, the deposition of Susan Connors with respect to matters that may be contained in the requested documents. Moreover, depositions of other city officials have been taken by the Plaintiff with respect to these same matters. Certainly, Plaintiff is free to request non-privileged information from Ms. Connors or other deponents, which might provide additional information to that which Plaintiff has already stipulated. Furthermore, the requested documents are the *only* documents listed by Defendant on its privilege log; consequently, all other non-privileged information and documents supposedly have been produced. Accordingly, this factor weighs in favor of keeping the requested material confidential.

    3.   Government's Role in the Litigation

Because the City of Thornton is a defendant in this action, its role typically weighs in favor

of disclosure of the requested documents, particularly where evidence of misconduct exists. *See Wagner Communications*, 742 F.2d at 1162. Here, the only "evidence" of misconduct proffered by Plaintiff is its own repeated conclusory statement that "government misconduct is at issue." Response at 10, 13, and 14. Such statements do not prove that any evidence of misconduct exists in this case. Nevertheless, since the City of Thornton is a litigant in this action, this factor weighs slightly against keeping the requested material confidential.

            4.        Hinder Frank and Independent Discussion

The requested documents, being pre-decisional and deliberative, could certainly hinder frank and independent discussion regarding contemplative policies and decisions. As Defendant asserts, the requested documents "contain information which is not part of the City's final adopted policies," and disclosure of the documents' contents "could confuse the issues and improperly suggest reasons and rationales for the City's decision to adopt a resolution or ordinance that in reality had nothing to do with the City's approval of the specific ordinance or resolution." Moreover, certain of the documents contain information that was never even brought before the City Council for its consideration. Consequently, disclosure of these documents containing pre-decisional and deliberative information, in which decision-makers are expressing ideas and opinions that are not made part of the final decision, would likely hinder frank and independent discussion among city officials. This factor weighs in favor of keeping the requested materials confidential.

## **CONCLUSION**

The factors to be considered for determining whether Plaintiff has met its burden of showing that its need for the requested material overrides the Defendant's interest in keeping the material confidential weigh in favor of Defendant in this situation.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Quash Portions of the Subpoena Duces Tecum to Susan Connors [filed August 15, 2007; docket #37] is **granted**. Request for Production numbers 7, 8 and 9 are quashed, and Request for Production number 4 is quashed to the extent the Request seeks the documents protected by this Order.

Dated at Denver, Colorado, this 31st day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge