**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-716-EWN-MEH

MORELAND PROPERTIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

CITY OF THORNTON, a municipal corporation,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

    The parties, Moreland Properties, LLC and the City of Thornton, by counsel, hereby stipulate to the following Protective Order (the "Protective Order" or the "Order"), with the consent of CarMax Auto Superstores, Inc. ("CarMax"), the non-party recipient of subpoenas dated August 15, 2007, and August 21, 2007, and September 25, 2007, to govern any discovery relating to CarMax in this litigation, on the following terms and conditions:

1. CarMax considers the items listed in the attached Exhibits A and B marked "Conf.", and all information it produces stamped "CONFIDENTIAL" to be confidential. Nothing in the remainder of this document shall apply to the items listed on the attached Exhibits A and B unless they are listed as "Conf." or stamped "CONFIDENTIAL' in CarMax's production. CarMax agrees to produce its documents by October 4, 2007.

2. The parties agree that in the absence of a further stipulation among the parties or order of this Court, and except as set forth herein, the materials designated as "Conf." on Exhibits A and B or marked "CONFIDENTIAL" will not be disseminated beyond:

   (a) the Court;

   (b) Counsel of record for the respective parties to this litigation;

    (c) the parties;

    (d) Clerks, paralegals, secretaries or other employees of such counsel assigned to assist such counsel in the preparation of this litigation;

    (e) Experts retained as advisors, consultants, or expert witnesses who have reviewed and agreed in writing to comply with the terms of the Order;

    (f) Individuals who counsel believes, in good faith, will be deposition or trial witnesses and their counsel of record, where counsel believes, in good faith, that disclosure is necessary in connection with the examination or preparation of such witness.

3. For deposition testimony, CarMax or any party may make a request that any portion of a deposition transcript be designated confidential by any of the following means: orally at the time of the deposition; in writing at the time of the deposition; or by written notice to the other parties at any time following the deposition within thirty (30) days after receipt of the transcript by CarMax counsel. Written notice includes any documents or transcript pages stamped or marked "CONFIDENTIAL". For testimony and deposition exhibits identified as Confidential at or before the deposition, the reporter shall, mark the face of the transcript with the word "CONFIDENTIAL" and indicate in the Index which portions of the transcript and which exhibits are confidential consistent with instructions by CarMax counsel.

4. The termination of proceedings in this action shall not relieve any person to whom confidential information has been disclosed from the obligations of this protective order. Within 60 days after the termination of this action, including all appeals, upon request by counsel for CarMax, counsel of record shall return all confidential information that it has received during the course of this action to the party producing the information, except that counsel for either party may elect to destroy confidential documents rather than returning them to the party who produced them.

5. All testimony and documents marked or designated CONFIDENTIAL shall not be used, directly or indirectly, by any party for any purpose whatsoever other than in connection with proceedings in this action and in accordance with the provisions and

procedures set forth in this Order. Upon request by counsel for CarMax the parties shall provide CarMax counsel with a copy of their Trial Exhibit Lists by the date set forth in the Scheduling Order, in order to allow CarMax to file a motion to seal the Exhibits pursuant to Local Rule 7.2, if it chooses to do so. The parties shall also use best efforts to notify CarMax before filing documents marked or designated CONFIDENTIAL as exhibits to motions or other submissions, in order to allow CarMax to file a motion to seal the Exhibits pursuant to Local Rule 7.2 if it chooses to do so. Nothing in this document shall be construed to indicate that Moreland Properties or the City of Thornton will join in any CarMax motion for an order to seal any of the Confidential documents.

6. Nothing contained in this Stipulated Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, nor that they are not subject to some other objection or privilege.

7. Should any confidential document or information be produced or disclosed inadvertently or otherwise produced without being so designated, such production shall not waive the protection of this Order as to that document.

8. This Order contemplates that the parties shall continue to resolve any discovery issues by agreement of counsel, and nothing herein shall prevent the parties from moving the Court for such modification or amendment hereof, or challenging the confidential nature of any so designated information or documents. The parties acknowledge that the Court retains the right to alter, amend, or otherwise change this protective order. The parties agree, however, that the Order shall remain in effect until further notice is received from the Court.

**STIPULATED AND AGREED:**

s/ Wayne B. Schroeder
Counsel for Plaintiff

s/ Wendy J. Shea
Counsel for Defendant.

s/ William W. Belt
s/ William F. Jones
Counsel for CarMax Auto Superstores, Inc.

## **ORDER**

The preceding Stipulated Protective Order is approved, ordered and entered this 12th day of October, 2007. This Stipulated Protective Order may be modified by the Court at any time, for good cause shown, following notice to all parties and an opportunity for them to be heard.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States District Court