IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-716-EWN-MEH

MORELAND PROPERTIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

CITY OF THORNTON, a municipal corporation,

    Defendant.

---

## PROTECTIVE ORDER REGARDING APPRAISALS

---

**Michael E. Hegarty, United States Magistrate Judge**.

    THIS MATTER comes before Court on the parties' Joint Stipulation for Protective Order regarding Appraisals, the Court having reviewed the same and being fully advised, finds and orders as follows:

1. Plaintiff has served Stephen M. Rothweiler with a subpoena duces tecum for his deposition, and the subpoena requests, among other things, copies of appraisals performed by Mr. Rothweiler for the City of Thornton within the last three years. Mr. Rothweiler has produced the appraisals, electronically stored on a CD.

2. The appraisals will be treated as CONFIDENTIAL, and in the absence of a further stipulation among the parties or further order of the Court, and except as set forth herein, the appraisals will not be disseminated beyond:

    (a)    The Court

    (b)    The parties;

    (c)    Counsel of record for the respective parties to this litigation;

    (d)    Clerks, paralegals, secretaries or other employees of such counsel assigned to assist such counsel in the preparation of this litigation;

    (e)    Experts retained as advisors, consultants, or expert witnesses who have been advised of and who have agreed to comply with the terms of the Order.

3.    The termination of proceedings in this action shall not relieve any person to whom confidential information has been disclosed from the obligations of this protective order. Within 60 days after the termination of this action, including all appeals therefrom, counsel of record shall return all confidential information that it has received during the course of this action to the party producing the information, except that counsel for either party may elect to destroy confidential documents rather than returning them to the party who produced them.

4.    All testimony and documents marked or designated CONFIDENTIAL shall not be used, directly or indirectly, by any party for any purpose whatsoever other than in connection with proceedings in this action and in accordance with the provisions and procedures set forth in this Order.

5.    Nothing contained in this Stipulated Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, nor that they are not subject to some other objection or privilege.

6.    Should any confidential document or information be produced or disclosed inadvertently or otherwise produced without being so designated, such production shall not waive the protection of this Order as to that document.

7.    This Order contemplates that the parties shall continue to resolve any discovery

issues by agreement of counsel, and nothing herein shall prevent the parties from moving the Court for such modification or amendment hereof, or challenging the confidential nature of any so designated information or documents. The parties have acknowledged that the Court retains the right to alter, amend, or otherwise change this Protective Order. The parties agree, and the Court orders, that this Order shall remain in effect until further notice is received from the Court.

DATED this 13th day of November 2007.

BY THE COURT:

__s/ Michael E. Hegarty_____
Michael E. Hegarty
United States Magistrate Judge